State *v.* Hadlock.

*Motion overruled. Judgment on the verdict.*

STATE *versus* BENJAMIN HADLOCK.

The allegations in an indictment that the defendant, not being licensed to sell intoxicating liquors, nor to keep an inn, did sell intoxicating liquors and allowed the same to be drunk within the place where the same were sold, which place was at the time under his control, necessarily import a violation of the 16th section of chapter 255 of the statute of 1856.

Defects in some of the counts of an indictment will not affect the validity of the remainder.

EXCEPTIONS at *Nisi Prius*, GOODENOW, J., presiding.

The defendant was found guilty upon both counts of the following indictment:

The jurors for said state upon their oaths present, that Benjamin Hadlock, of Saco, in said county of York, on the first day of September now last passed, and on divers other days and times, between that day and the day of the finding of this indictment, at Saco aforesaid, in the county aforesaid, not being authorized by the selectmen, treasurer, and clerk of said Saco to sell therein intoxicating liquors, and not being duly licensed by the selectmen, treasurer, and clerk aforesaid *to keep an inn*, within said Saco, then and there

did sell intoxicating liquors, and then and there allowed the same to *be drunk in the place wherein the same were sold, which said place was then and there under the control of said Benjamin Hadlock,* and the said Bejamin Hadlock did then and there, and thereby keep a drinking house and tippling shop, against the peace of the state, and contrary to the form of the statute in such case made and provided.

And the jurors aforesaid, upon their oath aforesaid, do further present, that Benjamin Hadlock, of Saco, in the county of York, on the first day of September now last passed, and on divers other days between that day and the day of the finding of this indictment, at Saco aforesaid, in the county aforesaid, not being duly licensed by the select-men, treasurer, and clerk of said Saco, as the keeper of an inn, in said Saco, then and there did keep a drinking house and tippling shop within said Saco, against the peace of the state, and contrary to the form of the statute in such case made and provided.

A motion in arrest of judgment was made for the following reasons :

1. Because no offence known to the law of the land is set forth in said indictment.

2. Because no valid judgment can be entered upon said indictment.

3. Because said indictment is defective in that it does not set out any offence in manner required by law, and that if any are set out, that the counts contain an allegation of two distinct offences.

4. That the allegations of the indictment may be true, and yet the defendant guilty of no offence.

The court instructed the jury that the offence of keeping a drinking house or tippling shop, consists of selling intoxicating liquors in any place except an inn, the keeper of which is duly licensed as an innholder, and authorized under the seventh section of the act, and allowing the same to be drunk in the place where sold, or any place in the vicinity thereof which is under the control of the person so selling,

State *v.* Hadlock.

and that if they found the defendant so sold, without such license, and allowed the same to be drank in said store, they would find him guilty.

That the government were not obliged to prove that the defendant was not thus licensed and authorized, that it being matter of excuse for the defendant, if he would avail himself of this defence he must show it.

*R. P. Tapley,* counsel for defendant.

*N. D. Appleton,* Attorney General, for the state.

TENNEY, C. J. The indictment in the first count alleges that the defendant, not being licensed to sell intoxicating liquors, nor to keep an inn, did sell intoxicating liquors, and allowed the same to be drank in the place where the same were sold, which place was at the time under the control of the defendant. Within the meaning of the statute, a person cannot have the control of an inn, to keep which another person has been licensed, it being a special trust reposed in the keeper authorized. The allegations in the first count necessarily import a violation of the 16th sec. of chap. 255 of the statutes of 1856.

The second count is more general in its language, and if it stood alone, might not be regarded as sufficiently specific in its allegations. Of this, however, we give no opinion. Defects in some of the counts in an indictment will not affect the validity of the remainder, for the judgment may be given against the defendant, upon those which are valid. Chit. Cr. Law, 240 and 640.

Nothing erroneous in the instructions to the jury is perceived, and the exceptions taken to the overruling of the motion in arrest of judgment and to the instructions are

*Overruled.*